ROSE JAINCHILL *vs.* WILLIAM SCHWARTZ ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 9th—decided April 18th, 1933.

 

 

*Jacob Schwolsky,* with whom was *Samuel H. Ritt,* for the appellant (plaintiff).

*Dennis P. O'Connor,* with whom, on the brief, was *Frederick J. Corbett,* for the appellee (defendant city of Hartford).

AVERY, J. The plaintiff brought her action against the Second National Bank of New Haven, successor trustee, William Schwartz, and the city of Hartford. The bank was the owner of the property at 192 Windsor Street, Hartford. Schwartz was the tenant, and the plaintiff claimed that on June 16th, 1932, at about ten o'clock in the morning, she was walking on the sidewalk in front of the property, and was caused to slip and fall by reason of slime, ice and water upon the sidewalk, caused by unpacking boxes containing fish. She claimed that the sidewalk was defective because of these conditions, and sought damages for her injuries which she claimed to have received by reason of her fall. The bank was dropped as a party defendant; and, thereafter, the case was tried to the jury against Schwartz, the tenant, and the city of Hartford. The defendant Schwartz was defaulted for failure to appear, and at the close of plaintiff's testimony, the court directed a verdict in favor of the defendant the city of Hartford. The present appeal is from the denial of the plaintiff's motion to set aside the directed verdict in favor of the city.

From the evidence, the jury might reasonably have found that the plaintiff was walking on the sidewalk in front of the premises at about ten-thirty in the morning of the day in question. It had been raining and the sidewalk was wet. She stepped upon a slimy substance and fell, receiving various injuries. The defendant Schwartz conducted a fish market, and, on that day, had been unpacking boxes of fish in front of his store on the sidewalk. The fish were packed in ice and, in the process of unpacking, water and melted ice with slime ran out upon the sidewalk, rendering it slippery in places. The sidewalk had been in this condition from about seven o'clock until about ten-thirty o'clock in the morning, the time of the accident. The court directed a verdict in favor of the city of Hartford on the ground that the condition of the sidewalk, if defective by reason of the water and ice upon it, had been in that defective condition only from seven o'clock in the morning until the time of the accident, and not long enough for the city authorities to have had a reasonable opportunity to discover its unsafe condition, and, thereafter, a reasonable opportunity to remedy the same. The undisputed evidence was that the slippery condition was not noticeable except as one actually stepped upon the sidewalk, due to the fact that the walk was already wet by rain, so that if an agent of the city, engaged in the supervision of its streets, had passed by, he would not have become aware of the condition of the walk unless he had actually stepped upon one of the slimy places thereon. From the evidence offered by the plaintiff, the jury might have further reasonably found that for a period of about two years, the defendant Schwartz had been accustomed, on Wednesdays and Thursdays each week, to unpack fish on the sidewalk; and that at times the leakage from the

boxes, in the process of unpacking, caused conditions more or less similar to those which existed upon the day of the accident.

Viewing the testimony in the light most favorable to the plaintiff, it does not establish that the size, location or character of the particular defects which might have existed on other occasions were the same as at the time of the accident, or were so conspicuous as to attract the attention of the municipal authorities in the exercise of a reasonable supervision of the streets. *Meallady* v. *New London,* 116 Conn. 205, 209, 164 Atl. 391, 392. It is not disputed that the defect would not be observable when the sidewalk was wet and the slipperiness was due to slime in the water which came from the boxes in which the fish was packed, so that always the walk would be wet when this slime was present. Apparently the only way by which the defect could be discovered would be by slipping upon it. The evidence goes no further than to justify the inference that the officers of the city might have known that the defendant Schwartz was accustomed to unpack fish in front of his market twice a week. This, at the most, would charge the city with a knowledge of conditions likely to produce defects on the walk. The notice which a municipality must receive as a condition precedent of liability for injuries received by reason of a defective highway, must be notice of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. *Carl* v. *New Haven,* 93 Conn. 622, 628, 107 Atl. 502; *Aaronson* v. *New Haven,* 94 Conn. 690, 696, 110 Atl. 872. It follows that as the evidence did not establish presumptive notice of the defective condition of the sidewalk previous to the day of the accident and the defective condition on that day had not existed long

enough or been sufficiently obvious for the municipal authorities, in the exercise of reasonable care, to discover it and to have a reasonable opportunity to remedy it, the trial court did not err in directing a verdict in favor of the city of Hartford.

There is no error.

In this opinion the other judges concurred.