## CHRISTOPHER PRATO v. CITY OF NEW HAVEN
### (SC 15906)

Callahan, C. J., and Borden, Berdon, Palmer and McDonald, Js.

Argued May 27—officially released September 1, 1998

*David A. Leff*, for the appellant (plaintiff).

*Kenneth J. Mastroni,* deputy corporation counsel, with whom, on the brief, was *R. E. Phillips,* for the appellee (defendant).

MCDONALD, J. In this appeal, the sole issue is whether the defendant, the city of New Haven, had notice of a highway defect that injured the plaintiff, Christopher Prato, and, consequently, could be held liable to the plaintiff under General Statutes § 13a-149.[1] After a trial to the court, the trial court rendered judgment for the defendant, on the basis that the plaintiff did not prove that the defendant had notice of the highway defect that resulted in the plaintiff's injury. We must decide whether evidence of prior bonfires at a certain intersection for several consecutive years gave the defendant the requisite notice under § 13a-149 of a subsequent bonfire on the highway on the date of the plaintiff's injury. Because our precedent clearly provides that § 13a-149 requires a municipality to have notice of an actual highway defect, and not merely of conditions that are likely to lead to such defect, we conclude that the defendant did not have notice of the defect as required by § 13a-149. We therefore affirm the trial court's judgment.

The plaintiff's complaint alleged a violation of Connecticut's highway defect statute. General Statutes § 13a-149.[2] The trial court found the following facts. On July 3, 1992, at approximately 11:30 p.m., several people built and ignited a bonfire in the roadway at the intersection of Clark and Pleasant Streets in New Haven. The plaintiff was present at this intersection in search of a

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."

[2] Although the plaintiff also alleged common-law negligence, the trial court held that the negligence claim was precluded by § 13a-149. The negligence claim is not before us on appeal.

friend when he came upon the bonfire. He watched as people ran from their homes with old couches, wooden planks and other debris, and within four or five minutes, the debris was ablaze. The plaintiff was standing about 150 feet from the newly ignited bonfire when he heard a loud explosion and was knocked on his back. An object had been blown out from the bonfire and struck his right eye, which was seriously and permanently injured. The incident occurred within, at most, a few minutes of the ignition of the bonfire. Police and rescue workers were notified of the blaze and of the plaintiff's injuries immediately after the plaintiff was injured. There is no evidence that the city actually knew of this particular bonfire before the plaintiff had been injured.

A bonfire at the intersection of Clark and Pleasant Streets just before midnight on the night of July 3 had been a neighborhood custom for the previous fifteen years. New Haven fire department records showed that firefighters responded to calls about this intersection between 10 p.m. and 1 a.m. on July 3 and 4 for the seven years preceding 1992. In addition, there was evidence that the defendant retained extra firefighters and public works employees on the night of July 3, 1992.

After a trial to the court, the trial court found for the defendant. The trial court concluded that, while the bonfire was a highway defect within the meaning of § 13a-149, the plaintiff failed to prove that the defendant had actual or constructive notice of the defect and a reasonable opportunity to remedy such defect. The trial court held that notice of the *custom* of annual bonfires was "not sufficient notice for purposes of [§ 13a-149]." Because the actual bonfire had existed for only ninety seconds before the accident, and the authorities had not been notified of its existence prior to the plaintiff's injury, the trial court concluded that the defendant did not have the requisite notice of the specific defect under § 13a-149.

The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023, now Practice Book § 65-1, and General Statutes § 51-199 (c).

On appeal, the plaintiff argues that a history and pattern of annual bonfires at this intersection on July 3 established actual or constructive notice that someone would light a bonfire there on July 3, 1992. The plaintiff argues that the defendant's retention of extra firefighting personnel on July 3, 1992, indicates that it had actual notice that this pattern would continue and that a bonfire would be lit that night. The plaintiff argues, further, that the defendant had a duty to anticipate and prevent this highway defect, given the inherently dangerous nature of a fire in the middle of a crowded city street.

The defendant argues that it is not liable under § 13a-149 because it did not have notice, actual or constructive, of the specific fire set on July 3, 1992, until after the plaintiff was injured. The defendant argues that § 13a-149 requires it to have notice of the specific bonfire that caused the plaintiff's injury, not merely notice that there was a likelihood that a fire would be ignited in continuance of this Independence Day tradition. The defendant contends that the duty claimed by the plaintiff, if it existed, would arise out of negligence or failure to prevent the crime of lighting such a bonfire in a public street.

The trial court concluded that the defendant did not have the requisite notice of this highway defect under § 13a-149 as a matter of law. "When the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Jaworski* v. *Kiernan*, 241 Conn. 399, 405, 696 A.2d 332 (1997).

To prove a breach of statutory duty under § 13a-149, "the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." *Lukas* v. *New Haven*, 184 Conn. 205, 207, 439 A.2d 949 (1981); accord *Janow* v. *Ansonia*, 11 Conn. App. 1, 2–3, 525 A.2d 966 (1987).

This court previously has held that "[t]he notice, actual or implied, of a highway defect causing injuries which a municipality must receive as a condition precedent [to] liability for those injuries, *is notice of the defect itself* which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient." (Emphasis added; internal quotation marks omitted.) *Carl* v. *New Haven*, 93 Conn. 622, 628, 107 A. 502 (1919). The case of *Jainchill* v. *Schwartz*, 116 Conn. 522, 165 A. 689 (1933), illustrates this principle. In *Jainchill*, the plaintiff slipped on a Hartford sidewalk that was covered with a slippery substance caused by the defendant Schwartz' practice of unpacking fish near the sidewalk. Id., 523, 524. The plaintiff had also sued the city of Hartford. This court held that the city was not liable because it did not know of the slippery condition on the sidewalk that day. Id., 525–26. While there was evidence that the city knew

about Schwartz' custom of unpacking fish in this manner, we held that knowledge of a custom that might create a defect did not establish notice of the slippery sidewalk on the morning of the accident.[3] Id., 525. We concluded that conditions that are likely to produce a defect and the defect itself are distinguishable, and that liability attaches under the highway defect statute only if a municipality has notice of the defect itself. See id.; see also *Carl* v. *New Haven,* supra, 628.

Similarly, the predictability of a future defect is insufficient to prove that a municipality had notice of a defect. In *Aaronson* v. *New Haven,* 94 Conn. 690, 110 A. 872 (1920), a silent policeman was placed in the roadway to regulate traffic. Id., 692. The silent policeman had toppled over into the lanes of travel on numerous occasions. Id., 693. It was dislodged and rolled into the travel lanes at approximately 6:30 p.m. one evening, and someone had notified the police by 7 p.m. Id. It, nevertheless, still remained in the travel lanes at 7:30 p.m., when the plaintiff's car collided with it. The plaintiff sued the city of New Haven. We held that the city could be held liable because its officials had actual notice of the highway defect and ample time to remedy it. Id. This court was careful to point out, however, that its decision rested on the one-half hour lapse between the notice and the accident, and not on the fact that the silent policeman had toppled over in the past and had a propensity to topple over in the future. See generally id., 695–96. Despite the other occasions on which it had toppled over into the travel lanes, we indicated that the city did not receive actual or constructive notice

---

[3] The court in *Jainchill* stated: "The evidence goes no further than to justify the inference that the officers of the city might have known that the defendant Schwartz was accustomed to unpack[ing] fish in front of his market twice a week. This, at the most, would charge the city with a knowledge of conditions likely to produce defects on the walk." *Jainchill* v. *Schwartz,* supra, 116 Conn. 525.

of the defect until the police officer in charge was notified of the condition at 7 p.m. See id., 696; see also *Pajor* v. *Wallingford*, 47 Conn. App. 365, 374–77, 704 A.2d 247 (1997), cert. denied, 244 Conn. 917, 714 A.2d 8 (1998) (even though city knew that water from melted snowbanks on adjacent property tended to flow across sidewalk, making ice and slippery conditions very probable, city did not have actual or constructive notice that sidewalk was defectively slippery on day of accident). Thus, the predictability of a future defect does not provide the requisite notice to establish municipal liability under § 13a-149.

The plaintiff argues that the defendant had constructive notice of the defect because of the annual custom of setting bonfires at this particular intersection on July 3. The defendant's knowledge that Independence Day celebrations at this intersection would create conditions likely to produce a defect, however, does not suffice as constructive notice of the defect itself. The defendant did not have notice of the bonfire until after it was ignited and the authorities were notified of the plaintiff's injury. While a municipality does have a duty to inspect its streets and discover defects as they occur, ninety seconds was not enough time for the defendant to discover the defect through a reasonable inspection of its streets. The situation would be quite different if the bonfire had burned for some period of time before the plaintiff was injured. Then, the defendant could be charged with constructive notice of the defect if it had failed to discover the existence of the bonfire after an unreasonable length of time had elapsed. See, e.g., *Zeidwig* v. *Derby*, 129 Conn. 693, 697, 31 A.2d 24 (1943) (fence that city was charged with maintaining was defective for such length of time that city knew or should have known of condition). The facts of this case make clear, however, that the defect existed for only a few minutes before the injury occurred. This length

of time is insufficient to charge the defendant with constructive or actual notice of the defect. Before the bonfire was ignited, the city had notice of a potential defect, but § 13a-149 does not render municipalities liable for potential highway defects.

The plaintiff argues, further, that, under principles of negligence, the city had a duty to inspect the intersection to discover defects. This argument confuses liability under § 13a-149 and general principles of negligence. Our cases clearly hold that a cause of action under § 13a-149 is not based upon negligence. "It is settled law in this state that the liability of the defendant under § 13a-149 is purely for breach of statutory duty and does not arise from negligence." *Lukas* v. *New Haven*, supra, 184 Conn. 212. This does not mean, however, that negligence principles are wholly inapplicable. See *White* v. *Burns*, 213 Conn. 307, 322–23, 567 A.2d 1195 (1990) (under state highway liability statute, highway defect claim is not action in negligence, but principles of negligence are instructive); *Sullivan* v. *Norwalk*, 28 Conn. App. 449, 457, 612 A.2d 114 (1992) (upholding use of jury instruction in which "the court referred to common law negligence principles as a foundation for determining whether the defendant breached its duty under § 13a-149 . . . [b]ecause of the close parallel between negligence and § 13a-149").

The plaintiff argues that the city had constructive notice of the bonfire because it would have discovered it, and even might have prevented it, upon a reasonable inspection of the intersection on July 3, 1992. Under negligence principles, municipalities must use reasonable care in discovering the existence of a defect, and negligent ignorance of a defect may support a finding that the municipality should have discovered the defect. See *Hall* v. *Burns*, 213 Conn. 446, 479, 569 A.2d 10 (1990) (liability under state highway liability statute). That duty to make a reasonable inspection "depends

upon the nature of the defect and the length of time it existed." Id., 480. Thus, the circumstances of each case must be examined.

Although principles of negligence are instructive in applying § 13a-149, they do not eliminate the express requirements of the statute. Before one can rely upon the principles of reasonableness and ordinary care to infer notice of a defect under § 13a-149, the claimed highway defect must actually exist. Municipalities are not liable under § 13a-149 for failure to inspect and discover a potential defect, or a defect that might arise at some future time. We have held that, under the highway defect statutes,[4] the state or municipality must have notice of an actual defect and a reasonable period during which to remedy it. See, e.g., *Hall* v. *Burns*, supra, 213 Conn. 479 (state highway); *Lukas* v. *New Haven*, supra, 184 Conn. 207 (municipal highway). We have also observed that the reasonable duty to inspect and discover defects does not arise until there is an actual defect in the highway. See *Hall* v. *Burns*, supra, 479–80; cf. *Jainchill* v. *Schwartz*, supra, 116 Conn. 525–26. A city may not be held liable for failing to discover that which does not exist.

Historically, the state and its municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control. "We can, of course, take judicial notice of the fact that this state has a state highway program that includes thousands of miles of state highways to which it appropriates substantial sums of money." *White* v. *Burns*, supra, 213 Conn. 330. Municipalities similarly have a large number of sidewalks and streets to inspect. See *Bazinet* v. *Hartford*, 135 Conn. 484, 488, 66 A.2d 117 (1949) ("[w]hen

---

[4] The state highway liability statute can be found at General Statutes § 13a-144.

the walks and streets of a city the size of Hartford are sheeted in snow and ice during the night, it would be too much to expect that they should all be made reasonably safe within an hour and a half after sunrise").

The highway defect statute is one legislative exception to such immunity; *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997); and statutes in derogation of sovereign immunity must be strictly construed. E.g., *White* v. *Burns*, supra, 213 Conn. 312. Section 13a-149 is a very narrow exception to municipal immunity from suit, and the statutory requirements necessarily limit a plaintiff's ability to recover when he or she is injured on a public highway. "Were it otherwise, and municipalities were charged with notice of defects which the future should develop upon the strength alone of their knowledge of such conditions as were calculated to produce them, the expansion of municipality liability for highway defects would be enormous, the burden of repair and remedy cast upon them be vastly enlarged, and a wide field of uncertainty opened up in which triers might wander comparatively unrestrained in speculations as to causes and anticipated results." *Carl* v. *New Haven*, supra, 93 Conn. 628–29.

This court has consistently interpreted § 13a-149 in such a fashion, a construction that has never been rejected by the legislature. "[W]e presume that the legislature is aware of our interpretation of a statute, and that its subsequent nonaction may be understood as a validation of that interpretation." (Internal quotation marks omitted.) *White* v. *Burns*, supra, 213 Conn. 333. After decades of interpreting § 13a-149 to require notice of an actual defect, and not merely notice of potential defects or conditions likely to create a defect, the legislature has not amended § 13a-149 in this respect.

Accordingly, we hold that the trial court properly found that the defendant did not have actual or constructive notice of the specific highway defect that led

to the plaintiff's injury. Accordingly, the trial court was correct in concluding that the defendant is not liable for the plaintiff's injuries under § 13a-149.

The judgment is affirmed.

In this opinion CALLAHAN, C. J., and BORDEN and PALMER, Js., concurred.

BERDON, J., dissenting. Despite the fact that General Statutes § 13a-149 "permits recovery against a municipality if the municipality had nothing more than 'constructive notice' of the defect" causing a plaintiff's injury; *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 198, 592 A.2d 912 (1991); the majority concludes that the defendant in this case, the city of New Haven, cannot be held liable for failing to prevent the plaintiff's injury because it lacked notice of the defect that caused the injury. I find the conclusion that the defendant lacked constructive notice, or for that matter even, lacked actual notice, to be illogical under the facts of this case and, therefore, I dissent.

In the present case, the defendant's own records and the other evidence demonstrate that every year for the fifteen years prior to this incident, in celebration of the July 4 holiday, a bonfire has been set at the intersection of Clark and Pleasant Streets in New Haven between 10 p.m. on July 3 and 12:30 a.m. on July 4. In anticipation of the bonfire being set over the July 4, 1992 holiday, the defendant arranged to have additional firefighters and public works employees on duty on the evening of July 3 and the morning of July 4. As anticipated, the bonfire was lit on the night of July 3, 1992, and the plaintiff, a pedestrian who happened to be traveling through the area, was struck in the face by a piece of debris that flew out of the fire. Subsequently, as a result of the injury, the plaintiff lost the use of his right eye.

In denying that the defendant had adequate notice of the bonfire to justify the imposition of liability under § 13a-149, the majority relies upon the fact that previously this court has interpreted that section as requiring that notice be of the particular defect itself that caused the injury rather than notice of the conditions that naturally would produce such a defect. See *Baker* v. *Ives*, 162 Conn. 295, 305, 294 A.2d 290 (1972); *Jainchill* v. *Schwartz*, 116 Conn. 522, 525, 165 A. 689 (1933); *Carl* v. *New Haven*, 93 Conn. 622, 628, 107 A. 502 (1919); see also *Linn* v. *Hartford*, 135 Conn. 469, 472, 22 A.2d 115 (1949). The rationale underlying this interpretation is that if the law were to allow the imposition of liability where there was notice only of a condition that might be expected to produce a defect, "the expansion of municipality liability for highway defects would be enormous, the burden of repair and remedy cast upon them be vastly enlarged, and a wide field of uncertainty opened up in which triers might wander comparatively unrestrained in speculations as to causes and anticipated results." *Carl* v. *New Haven*, supra, 628–29.

In limiting liability through a restrictive interpretation of notice, however, I do not believe that this court ever intended to relieve municipalities from liability under the statute to such an extent as to actually conflict with the purpose for which the statute was enacted. This court has explained that the liability created by § 13a-149 gives rise to a duty on the part of municipalities to, in effect, use reasonable care in maintaining its highways. Thus, although under § 13a-149 "[i]t is not the duty of a municipality to keep its highways reasonably safe for public travel under all circumstances, nor to use all possible means to bring that result about . . . [it is] its duty . . . to make such efforts and employ such measures to that end as, in view of all the existing circumstances and conditions, are in themselves reasonable." *Cusick* v. *New Haven*, 148 Conn. 548, 551,

172 A.2d 905 (1961); *Cohen* v. *Hamden*, 27 Conn. App. 487, 494, 607 A.2d 452 (1992).

In this case, the defendant's knowledge of the annual practice of lighting a bonfire at the intersection of Clark and Pleasant Streets on July 3 placed the defendant on notice that, with almost near certainty, a dangerous defect would erupt at a particular location on its highway on the evening of July 3, 1992. In addition, the defendant was aware that the defect that almost certainly would erupt was inherently dangerous in nature. The defendant employed additional firefighting and public works personnel in anticipation of the imminent eruption of the defect. Indeed, it is reasonable to conclude that the defendant endorsed the annual ritual of lighting the bonfire on the basis of its failure to have its personnel and equipment positioned at the street intersection in order to prevent the bonfire's ignition, or at least to extinguish it immediately upon its being ignited. Under these circumstances, it can hardly be said that the defendant lacked actual notice of the defect that injured the plaintiff.

Nevertheless, if the circumstances did not provide the defendant with actual notice of the defect, I would conclude that the defendant had at least constructive notice of the defect. "Constructive notice is premised on the policy determination that under certain circumstances a person should be treated as if he had actual knowledge so that one should not be permitted to deny knowledge when he is acting so as to keep himself ignorant. . . . Therefore, when a [municipality] fails to make or to have made a reasonable inspection which would have disclosed [a] dangerous condition, [its] negligent ignorance is, in the eyes of the law, equivalent to actual knowledge." (Internal quotation marks omitted.) *Hall* v. *Burns*, 213 Conn. 446, 479, 569 A.2d 10 (1990).[1]

---

[1] This explanation of constructive notice was provided in the context of an action brought against the state under the state defective highway liability

In my view, the pattern of bonfires in the fifteen years prior to when the plaintiff was injured in 1992, provided adequate constructive notice to the defendant that a dangerous defect in the highway on the night of July 3, 1992, was extremely likely to erupt and could very likely lead to serious injury to person or property. This is not a situation such as existed in *Jainchill* v. *Schwartz*, supra, 116 Conn. 525–26, wherein the defendant municipality was charged with the knowledge that a local business was in the habit of unpackaging fish outside its store on the municipal sidewalk but, despite that knowledge, was found not to have had constructive notice that the sidewalk was in a dangerously defective condition caused by fish slime that spilled during the unpackaging. In concluding that the defendant did not have notice of the defective condition of the sidewalk, this court reasoned that the fish slime was not visible through the water that always also spilled out during the unpackaging and that, as a result, the particular defects had not been "so conspicuous as to attract the attention of the municipal authorities in the exercise of a reasonable supervision of the streets." Id., 525. Consequently, the municipality could not be charged with constructive notice of the defect. Id., 525–26.

In the present case, the fact that the defendant engaged in preparatory efforts in anticipation of the bonfire demonstrates that the notice to the defendant was sufficient to subject it to liability under § 13a-149. Furthermore, finding that constructive notice existed in this situation would advance the public policy underlying § 13a-149 of encouraging municipalities to use reasonable care in maintaining safe conditions on their highways. Under these circumstances, I would hold that

---

statute, General Statutes § 13a-144. The same rationale applies to § 13a-149, because "there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by . . . § 13a-149." (Internal quotation marks omitted.) *Hall* v. *Burns*, supra, 213 Conn. 477.

the notice was sufficient to justify the imposition of liability upon the defendant for the plaintiff's devastating and altogether preventable injuries.

Accordingly, I dissent.