[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Edgar Sandoval and H. Sandoval Foreign Cars, Inc., brought this action against the defendants, Richard Rafferty and the City of Stamford, for damages allegedly suffered as the result of an automobile collision. This action was originally commenced with a thirteen count complaint dated May 27, 1997. The plaintiffs then filed a thirteen count revised complaint on July 17, 1997.
On July 22, 1997, the defendants filed a motion to strike the third, sixth, tenth through twelfth counts, and portions of the fourth through sixth counts, on the grounds that those allegations were legally insufficient. The parties agreed that the motion could be granted with regard to the tenth, eleventh and twelfth counts. The court, Lewis, J., issued a memorandum of decision dated December 15, 1998, denying the motion to strike counts three, four, five and six. Thereafter, the plaintiffs filed a second substitute/amended complaint dated January 4, 1999. In that complaint, the plaintiffs withdrew counts ten, eleven and twelve. Otherwise, the operative complaint dated January 4, 1999 is virtually identical to the revised complaint of July 17, 1997, which was the subject of the motion to strike.
Present before this court is the defendant, City of Stamford's, motion to strike which was filed on January 11, 1999. The defendant moves to strike the thirteenth count, and portions of the fourth through sixth counts, on the grounds that those allegations are legally insufficient.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors. Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferrvman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "The court must construe CT Page 11019 the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendant first argues that portions of the fourth through sixth counts should be stricken. However, the plaintiffs argue, and this court agrees, that the doctrine of the "law of the case" applies because Judge Lewis already ruled on that motion and his decision should not be disturbed.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances." (Citations omitted.) Breenv. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982).
Here, the court, Lewis, J., already denied the defendant's motion to strike portions of the fourth through sixth counts. Thereafter, the plaintiffs' filed a second substitute/amended complaint, dated January 4, 1999. Because the motion to strike portions of the fourth through sixth counts was denied, the plaintiffs' merely re-stated counts four through six exactly how they were in the previous complaint.
That being the law of the case, this court hereby denies the defendant's present motion to strike portions of the fourth, fifth and sixth counts. Judge Lewis, in his memorandum of decision, did not address the sufficiency of the thirteenth count,[1] and therefore, the only remaining issue for this court to decide is the defendant's motion to strike the thirteenth count of the second substitute/amended complaint.
The defendant argues that the thirteenth count of the plaintiffs' second substitute/amended complaint is legally insufficient in that "(1) [t]he notice given was insufficient, as a matter of law, to support the property damage claim under §13a-149 of the Connecticut General Statutes; [and] (2) [t]he highway defect claim is legally insufficient in that it fails to allege that the claimed defect was the sole proximate cause of CT Page 11020 Plaintiffs' injuries, and the complaint, as a whole, negates/precludes any claim of sole proximate cause."
In the thirteenth count, the plaintiff, H. Sandoval Foreign Cars, Inc., alleges that the defendant, City of Stamford, breached its statutory duty to keep the streets in a reasonably safe condition and that as a result of the allegedly dangerous and defective conditions of the street, the plaintiff "has been substantially damaged all to its financial detriment."
The defendant's first argument, in support of its motion to strike the thirteenth count, is that the plaintiffs did not give proper notice of the property damage claim under General Statutes § 149. General Statutes § 13a-149 states, in pertiment part, that "[a]ny person injured in person or property by means of a defective road or bridge may recover from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such inquiry and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, be given.
"In determining whether the notice is sufficient, we must look to the purposes of the statute. . . . The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . . [T]he statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defenses against meritless claims." (Citations omitted; internal quotation marks omitted.)Pratt v. Old Saybrook, 225 Conn. 177, 182, 621 A.2d 1322 (1993). Furthermore, "the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." Id.
Liberally construing the notice requirement in favor of the plaintiffs, this court finds that the requisite notice was given to the defendant. In a letter to the City Clerk of the City of Stamford, the plaintiffs put the defendants on notice of the claims they were going to pursue. The letter indicated that the CT Page 11021 plaintiffs would commence an action for personal injuries and property damage. The plaintiffs then apprised the defendants of the requisite information including the date, time and place of the incident, as well as descriptions of the plaintiffs' injuries. The plaintiffs also indicated that there was property damage. The plaintiffs described the property damaged by indicating the automobile's make, model, year and vehicle identification number. As such, the plaintiffs have complied with the notice requirement under General Statutes § 13a- 149, and the motion to strike is denied on that ground.
In further support of its motion to strike the thirteenth count of the plaintiffs' complaint, the defendant argues that "[t]he highway defect claim is legally insufficient in that it falls to allege that the claimed defect was the sole proximate cause of [the plaintiffs'] injuries, and the complaint, as a whole, negates/precludes any claim of sole proximate cause." A person bringing an action under the highway defect statute must prove that the defect was the sole proximate cause of the plaintiffs injuries. White v. Burns, 213 Conn. 307, 567 A.2d 1195
(1990).
"To prove a breach of statutory duty under § 13 a- 149, the plaintiff must prove . . . [inter alia,] that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.)Prato v. City of New Haven, 246 Conn. 638, 642, 717 A.2d 1216
(1998). In this case, the defendant moves to strike the thirteenth count, arguing that the requirement that the defect was the sole proximate cause of the plaintiffs' injuries and damages has not been properly alleged.
"The plaintiffs due care may be raised in the pleadings by either alleging that the plaintiff exercised due care, or by alleging that the highway defect was the sole proximate cause of the plaintiffs injuries. Without either of these allegations, [the highway defect claim] must be stricken." Argiriou v. City ofWaterbury, Superior Court, judicial district of Waterbury, Docket No. 140220 (May 7, 1998, Kulawiz, J.)
In this case, the plaintiffs allege that their injuries were caused because of a dangerous and defective highway, in that snow and/or ice built up on or near the road. The plaintiffs further allege that the plaintiff driver was "in the exercise of due and CT Page 11022 reasonable care." The allegation that the plaintiff was in exercise of due and reasonable care fulfills the requirement that the highway defect was the sole proximate cause of the plaintiffs' injuries.
The defendant further argues that the complaint, as a whole, negates the claim that the highway defect was the sole proximate cause of the plaintiffs' injuries. The defendant argues that any possible defect could not be the approximate cause of the alleged injuries because the plaintiffs, in other counts of the complaint, allege that the injuries were caused by the named defendant. However, "[t]he plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book § 10-25. Viewing the complaint in the light most favorably to the plaintiffs, this court determines that the thirteenth count against the defendant city should be read separately from the counts against the named defendant because the plaintiffs are pleading in the alternative. As such, the defendant's argument, that the plaintiffs' complaint, as a whole, negates the claim that the highway defect was the sole proximate cause of their injuries, is not valid. Accordingly, the plaintiffs have properly alleged a violation of the highway defect statute, General Statutes § 13a-149, and the defendants' motion to strike the thirteenth count is hereby denied.
D'ANDREA, J.