[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Town of Winchester (Winchester), moves to strike the complaint of the plaintiff, Anna May Leonard, by motion dated July 7, 1999. The grounds for Winchester's motion is Leonard failed to allege that she was free from contributory negligence and that the alleged defect was the sole proximate cause of her injuries. Leonard filed no objection or memorandum of law in opposition to Winchester's motion. See Practice Book § 10-42.
Leonard filed a one-count complaint against Winchester on April 30, 1999. Leonard alleges that on May 12, 1997, "she slipped on some sand [in the roadway of Hillside Avenue] and her right heel went directly into a pothole in the street which caused her to fall" and caused her to suffer injuries. (Complaint ¶¶ 2, 3.) Leonard alleges that her injuries were caused by the "dangerous and defective" pothole in the roadway and that her injuries "were caused by the negligence and carelessness of the Town of Winchester." (Complaint, ¶¶ 4, 5.)
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted." Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[General Statutes §] 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for . . . injuries." Martin v. Town of Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997). "To prove a breach of statutory duty under § 13a-149, "the plaintiff must prove . . . (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." Prato v. City of NewHaven, 246 Conn. 638, 642, 717 A.2d 1216 (1998).[1]
"The issue of due care must be raised by the pleadings in order to sustain an action based on General Statutes §13a-149." Argiriou v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 140220 (May 7, 1998, Kulawiz,J.). Clearly, Leonard failed to allege in her complaint that she exercised due care, that she was free from contributory CT Page 11839 negligence, or that the alleged defect was the sole proximate cause of her injuries. Winchester's motion to strike is granted.
So Ordered.
THE COURT
Alexandra D. Dipentima, J.