[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT, TOWN OF CLINTON'S, MOTION TO STRIKE (#105)
I. Factual and Procedural Background
On November 16, 1999, the plaintiff, Theresa Harris, filed an amended complaint dated November 15, 1999, against the defendants, the Town of Clinton, Board of Education, and the Town of Clinton, alleging in the first count, allegations of negligence against the Town of Clinton, Board of Education, and in the second count, allegations of negligence against the Town of Clinton. As to the second count, the plaintiff also alleges that pursuant to General Statutes § 13a-149, she placed the defendant, the Town of Clinton, on notice of said injuries.[1] Specifically, the plaintiff alleges negligence against the defendants as a result of injuries she allegedly sustained when she tripped and fell in front of a public CT Page 5418 school whose facilities are maintained by the Town of Clinton, Board of Education, while walking on a sidewalk that is maintained by the Town of Clinton.
The plaintiff alleges that on May 25, 1998, she slipped and fell while walking on a sidewalk in front of a public school, Abraham Pierson School, located at 75 East Main Street in Clinton, Connecticut. She alleges that she slipped and fell due to a defective, dangerous and unsafe condition on the sidewalk, a sunken and cracked portion. She alleges that the Town of Clinton knew, or in the exercise of due care or inspection, should have known of the defective and dangerous condition. The plaintiff also alleges that both defendants are in possession and control of the sidewalk and that they are negligent in their duties as property owners in inspecting the condition of the sidewalk, maintaining the sidewalk, keeping it in a reasonably safe condition, and warning others, including the plaintiff, of unsafe conditions. The plaintiff claims that as a result the defendants negligence, she tripped and fell, and sustained injuries. She further alleges that pursuant to General Statutes § 13a-149, she placed the Town of Clinton on notice of this accident.
On November 30, 1999, the defendant, the Town of Clinton, filed a motion to strike the second count of the plaintiffs amended complaint, and a supporting memorandum of law, arguing that the second count should be stricken on the grounds that (1) the plaintiff alleges a negligence claim instead of a statutory violation of General Statutes § 13a-149 which provides the exclusive basis under which a plaintiff can pursue a claim against a municipality for a defective sidewalk, and (2) the plaintiff has failed to allege requisite allegations under § 13a-149, that she was exercising due care, and that the alleged defect was the sole proximate cause of her injuries.
On January 31, 2000, the plaintiff filed an objection to the Town of Clinton's motion to strike and a supporting memorandum of law. The plaintiff also filed a request for leave to amend her complaint accompanied by a revised amended complaint dated January 26, 2000. The revised amended complaint incorporates into the second count, paragraph 5, allegations that the plaintiff was exercising due care, and in paragraph 6, that the negligence of the Town of Clinton was the sole proximate cause of her injuries.
For the reasons discussed below, the Town of Clinton's motion to strike is denied. CT Page 5419
II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 839 (1996). The court must take as true the facts alleged, including those "facts necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.)Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 639 A.2d 293 (1997).
III. Discussion
The Town of Clinton argues that the plaintiff alleges a negligence claim instead of a statutory violation of General Statutes § 13a-149 which provides the exclusive basis under which she can pursue a claim against the Town of Clinton for a defective sidewalk.
In response, the plaintiff argues that she is asserting a §13a-149 claim. She argues that she has complied with the notice requirement under § 13a-149 and that she is permitted to claim allegations of negligence in her complaint pursuant to § 13a-149.Steele v. Stonington, 225 Conn. 217, 622 A.2d 551 (1993).
The court first addresses whether § 13a-149 provides the exclusive basis under which the plaintiff can bring a claim against the Town of Clinton for a defective sidewalk. General Statutes §13a-149, in pertinent part, provides "[a]ny person injured in person . . . by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation." CT Page 5420
It is well settled that "an action under the highway defect statute, 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of Police Commissioners, 219 Conn. 179,192, 592 A.2d 912 (1991). It is also settled that a sidewalk falls within this statute. "The word road or highway as used in the highway defect statute has usually been construed to include sidewalks."Novicki v. New Haven, 47 Conn. App. 734, 740, 107 A.2d 2 (1998). See also Hornyak v. Fairfield, 135 Conn. 619, 621, 67 A.2d 562 (1949).
"Historically, the state and its municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control."Prato v. New Haven, 246 Conn. 638, 646, 717 A.2d 1216 (1998). "The highway defect statute [§ 13a-149] is one legislative exception to such immunity; Martin v. Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997); and statutes in derogation of sovereign immunity must be strictly construed. e.g., White v. Burns, [213 Conn. 307, 312, 567 A.2d 1195 (1990)]. Section 13a-149 is a very narrow exception to municipal immunity from suit, and the statutory requirements necessarily limit a plaintiffs ability to recover when he or she is injured on a public highway." Id., 648. See also Martinv. Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997).
Accordingly, the court here is satisfied that § 13a-149 provides the exclusive basis under which the plaintiff can pursue a claim against the Town of Clinton for the injuries she allegedly sustained as a result of her fall on the sidewalk in front of the Abraham Pierson School in Clinton, Connecticut.
Second, the court addresses whether the plaintiff alleged a claim under § 13a-149. "It is settled law in this state that the liability of the defendant under 13a-149 is purely for breach of a statutory duty and does not arise from negligence. The liability imposed under13a-149 was one not known to the common law." (Citations omitted.)Lukas v. New Haven, 184 Conn. 205, 212, 439 A.2d 949 (1981). SeePrato v. New Haven, supra, 246 Conn. 645. "This does not mean that negligence principles are wholly inapplicable, however. See White v.Burns, 213 Conn. 307, 322-23, 567 A.2d 1195 (1990) (under state highway liability statute, highway defect claim is not action in negligence, but principles of negligence are instructive); Sullivanv. Norwalk, 28 Conn. App. 449, 457, 612 A.2d 114 (1992) (upholding use of jury instruction in which `the court referred to common law negligence principles as a foundation for determining whether the CT Page 5421 defendant breached its duty under § 13a-149 . . . because of the close parallel between negligence and § 13a-149')." Prato v. NewHaven, supra, 246 Conn. 645.
In Steele v. Stonington, 225 Conn. 217, 622 A.2d 551 (1993), the town of Stonington moved for summary judgment alleging that the plaintiffs action was based on negligence rather than on § 13a-149 and that §13a-149 provided the exclusive remedy. Id., 219. The Supreme Court reversed the trial court's decision finding that the allegations in the plaintiffs complaint of negligence were sufficient to state a cause of action under § 13a-149. Id., 222-23. The court stated "[w]e agree with the trial court and the defendant that . . . an action under the highway defect statute, 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge . . . We disagree, however, with the defendant's argument that the plaintiffs claim must be construed as a negligence claim rather than a claim pursuant to 13a-149." (Citations omitted; internal quotation marks omitted.) Id., 220. The court reasoned "[c]ommon law negligence principles are . . . a foundation for determining whether the defendant breached its duty under13a-149. . . . Even though the plaintiffs cause of action is statutory, principles of negligence are instructive in analyzing the extent of the defendant's duty to the plaintiff." (Citations omitted; internal quotation marks omitted.) Id. "[A]lthough the cause of action under 13a-149 is predicated upon a defective highway, we have long held that the municipality's liability under the statute resembles liability for negligence. . . . If a difference does exist between an action predicated on the municipal highway defect statute and negligence, that difference, except for the requirement that the plaintiff act with due care, is paper thin." (Citations omitted.) Id.
The defendant in Steele also argued that the plaintiffs claim should be construed as a negligence action rather than a § 13a-149
action because the complaint failed to cite General Statutes §13a-149. Steele v. Stonington, supra, 225 Conn. 221. Notwithstanding, the court inferred that the plaintiffs cause of action was brought pursuant to General Statutes § 13a-149 stating "[i]t is clear that our general practice in this state is to require fact pleading only. Practice Book 108 and 109. Practice Book 109A provides in part, however, that `when any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number.' Although the plaintiff failed to cite General Statutes 13a-149 in his complaint as the basis for his action, we have held that 109A is merely directory and not mandatory. Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073
CT Page 5422 (1988)." Id., 221, n. 7. The court also reasoned that the plaintiffs cause of action was brought pursuant to General Statutes § 13a-149
based on the allegations made, namely that the complaint set forth allegations sufficient to satisfy most of the requirements for bringing a claim pursuant to § 13a-149. Id., 221-22.
Similarly, in Sonia v. New Haven, Superior Court, judicial district of New Haven, Docket No. 388593 (April 20, 1998, Blue, J.), the court stated that "[a]lthough Sonia's compliant alleges negligence and . . . fails to cite § 13a-149, it clearly alleges that the sidewalk was defective and sets forth the elements of a statutory claim. After a careful review of the compliant, I conclude that its allegations are sufficient to state a cause of action under § 13a[-149]."
Accordingly, the court here finds that the plaintiffs claim is not necessarily insufficient because she failed to specifically allege that she is bringing her action pursuant to § 13a-149. In addition, the court finds that the plaintiff may make allegations of negligence pursuant to a § 13a-149 claim.
Third, the court addresses whether the plaintiff here has, in fact, made allegations that allege violation of § 13a-149. To recover for "breach of a statutory duty [under § 31-149], the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect, or that in the exercise of its supervision of the highways in the city, it should have known of the defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." Lukas v. New Haven, supra, 184 Conn. 207.
With respect to the four-part Lukas test articulated above, the plaintiff here has alleged allegations in her amended complaint filed November 16, 1999 that meet the first three parts of the test. First, the plaintiff alleges that the sidewalk was defective. She alleges the sidewalk was defective, dangerous and in an unsafe condition. She alleges that it was sunken, cracked, uneven and in disrepair. Second, the plaintiff alleges that this condition existed for a period of time prior to her accident and that the Town of Clinton, in the exercise of its maintenance of sidewalks, should have known of this defect. Third, the plaintiff alleges that the Town of Clinton should have known of this defective and dangerous condition long enough prior to the date of her accident that it could have remedied it. As CT Page 5423 to the fourth requirement, that the defect was the sole proximate cause of the plaintiffs injuries and damages claimed, and that she was free from contributory negligence, the plaintiff fails to make these allegations in her amended complaint filed November 16, 1999. However, the plaintiff filed a leave to amend and a revised amended complaint on January 31, 2000. In her revised amended complaint, the plaintiff makes the same allegations made in her amended complaint filed November 16, 1999 against the Town of Clinton and incorporated two additions that meet the fourth part of the Lukas test. Lukas v.New Haven, supra, 184 Conn. 207. She alleges that she was exercising due care and that the negligence of the Town of Clinton was the sole proximate cause of her injuries.
The only issue that now remains is whether the court may rely on the plaintiffs revised amended complaint with respect to the motion to strike now before the court. The plaintiff argues that the court should rely on it and deny the motion to strike because pursuant to Practice Book § 10-60(a)(3) she filed a leave to amend, and a revised amended complaint with the court on January 31, 2000 incorporating allegations that meet the fourth part of the Lukas
test. Lukas v. New Haven, supra, 184 Conn. 207.
Practice Book § 10-60 (formerly § 176) entitled "Amendment by Consent, Order of Judicial Authority, or Failure to Object" provides, in pertinent part, "a party may amend his or her pleadings or other parts of the record or proceedings at any time . . . (3) [b]y filing a request for leave to file such amendment, with the amendment appended. . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party."
With respect to a motion to strike, "[w]hen a motion to strike is pending, the party whose pleading is being attacked may not file an amended complaint to cure defects raised by the motion. DilettanteEnterprises v. Metro Realty Group, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 445207 (February 27, 1992, Sheldon, J., 6 Conn.L.Rptr. 137). The defendant is deemed to consent to the amendment, however, by failing to timely object to the request to amend. Practice Book § 176; Garrity v. Town ofProspect, Superior Court, judicial district of Waterbury, Docket No. 088290 (August 19, 1994, Sylvester, J.). In such situations, the rules of practice provide that pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading. Practice Book § 177.[2] Under this analysis, a motion to strike is regarded as applicable to an amended complaint CT Page 5424 filed in response thereto. Garrity v. Town of Prospect, supra;Marczak v. Aetna Casualty Surety Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 345211 (August 19, 1993, Zoarski, J.) [(defendant failed to object to request to amend compliant, motion to strike original complaint filed prior to amendment applied to amended complaint)]. Accordingly, the court will reach the merits of [the] motion as it relates to the amended complaint." (Internal quotation marks omitted.) Jordan v. Sabourin, Superior Court, judicial district of New London at New London, Docket No. 537041 (November 22, 1996, Hurley, J.).
Similarly, in Brothers v. American Home, Superior Court, judicial district of New Haven at New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.) (15 Conn.L.Rptr. 4), the court stated, "[o]n January 31, 1995, the defendants filed a motion to strike the second, third and fourth counts. On February 23, 1995, the plaintiff filed a Request For Leave To Amend Complaint, therein seeking to amend Paragraph 19 of the second count of the complaint. The defendants failed to timely object to the request; therefore, on March 10, 1995, the request to amend the Complaint was deemed granted by the consent of the parties. Practice Book § 176." Id. The court further reasoned that, "[o]n April 25, 1995, the defendants claimed to the short calendar list their motion to strike. Although the motion to strike was filed prior to the plaintiffs request for leave to amend the Complaint dated February 23, 1995, the defendants failed to claim the motion to strike to the short calendar list until after the complaint was amended. Accordingly, the motion to strike challenges the legal sufficiency of the complaint as amended." Id.
Here, subsequent to the Town of Clinton filing its motion to strike on November 30, 1999, the plaintiff, pursuant to Practice Book § 10-60(a)(3), on January 31, 2000 filed a request for leave to amend her complaint accompanied by a revised amended complaint. No objection has been filed by the Town of Clinton. Accordingly, the amendment is deemed to have been filed by consent of the Town of Clinton and the court will reach the merits of the motion to strike as it relates to the revised amended complaint. Since the revised amended complaint incorporates into the second count, paragraph 5, allegations that the plaintiff was exercising due care, and in paragraph 6, that the negligence of the Town of Clinton was the sole proximate cause of her injuries, the plaintiff has sufficiently stated allegations that support her claim pursuant § 13a-149.
IV. Conclusion
For the foregoing reasons, the court denies the Town of Clinton's CT Page 5425 motion to strike. It is so ordered.
By the court ___________________ Gordon, Judge