[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#143)
On January 27, 1997, the plaintiff Anna Sackman slipped and fell while walking along the eastbound sidewalk at the Stamford Transportation Center. She allegedly suffered serious physical injury to her face and right arm. In her original complaint filed on June 2, 1997, the plaintiff claims her injury was due to the defendant city of Stamford's negligence and carelessness[1]. Specifically, the plaintiff alleges the defendant (1) failed to properly maintain the sidewalk; (2) failed to adequately inspect the sidewalk; (3) knew, or should have known, of the tripping hazard; (4) failed to adequately repair the eastbound side of the Stamford Transportation Center; and (5) failed to establish barriers around the tripping hazard on the eastbound side of the Stamford Transportation Center. Subsequently, on July 18, 2000, the plaintiff amended her complaint to include a second count of recklessness against the defendant.[2]
On July 28, 2000, the defendant filed a motion to strike the second count of the plaintiff's amended complaint and the claim for exemplary damages on the ground that the claims are legally insufficient.[3]
Specifically, the defendant argues (1) there is only one cause of action available under General Statutes § 13a-149 and it is already set forth in the first count; (2) exemplary damages are barred by General Statutes § 52-557n (a) and therefore, only "ordinary" damages are available in an action under General Statutes § 13a-149[4] (3) mere addition of the adjective "reckless" does not transform negligent conduct into recklessness or other forms of aggravated misconduct; and (4) the plaintiff's new cause of action in the second count is barred by the two year statute of limitations set forth in General Statutes § 13a-149. CT Page 16276 The plaintiff filed a timely objection to the motion to strike.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsonsv. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The defendant argues that General Statutes § 13a-149, commonly known as the highway defect statute, is the exclusive remedy available when bringing a single cause of action against a municipality in situations involving an allegedly defective road or sidewalk. The defendant argues, therefore, that the plaintiff cannot bring a second cause of action in addition to the negligence claim under the statute. The plaintiff maintains that common law negligence principles aid in analyzing whether the statutory duty has been breached. See Steele v.Stonington, 225 Conn. 217, 220, 622 A.2d 551 (1993). Furthermore, the plaintiff argues that recklessness, while a different count in the complaint, is part of the same cause of action.
General Statutes § 52-557n outlines the liability of a political subdivision and specifically requires that any cause of action resulting from a defective road or bridge be maintained under General Statutes § 13a-149.[5] A sidewalk falls within the definition of a defective road under the statute.[6]
Case law supports the principle that General Statutes § 13a-149 is the exclusive remedy for the plaintiff's cause of action. See Sanzone v.Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991) (interpreting General Statutes § 52-557n to provide that General Statutes § 13a-149 is plaintiff's exclusive remedy against municipality for damages resulting from injury by means of defective road or bridge.); Harris v. Town of Clinton, Superior Court, judicial district of Middlesex at Middletown, Docket No. 090095 (May 4, 2000, Gordon, J.) (well settled that action under [General Statutes §] 13a-149 is CT Page 16277 plaintiff's exclusive remedy against municipality for damages resulting from injury by means of defective road or bridge.) Therefore, the defendant's motion to strike the recklessness count of the plaintiff's amended complaint is hereby granted.
The defendant argues that exemplary, or punitive, damages cannot be recovered under General Statutes § 13a-149. The plaintiff contends there is no language in the statute to support that position. "In the overwhelming majority of jurisdictions which have considered [whether a municipality is liable for punitive damages], it is now firmly established that exemplary or punitive damages are not recoverable unless expressly authorized by statute or through statutory construction. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.)City of Hartford v. International Assn. Firefighters, 49 Conn. App. 805,817, 717 A.2d 258, cert. denied on other grounds, 247 Conn. 920,722 A.2d 809 (1998). Statutes which allow for exceptions to municipal immunity must be strictly interpreted. Prato v. City of New Haven,246 Conn. 638, 647, 717 A.2d 1216 (1998). Here, the statute provides that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." (Emphasis added.) General Statutes § 13a-149. There is no express authorization in the statutory language which provides for the recovery of exemplary damages. Therefore, the plaintiff is unable to recover exemplary damages in this action.
Because the exclusive remedy available in a defective highway case is an action pursuant to General Statutes § 13a-149, the defendant's motion to strike the second count of the plaintiff's complaint alleging recklessness is hereby granted. Additionally, because the defective highway statute does not permit the recovery of exemplary damages, the defendant's motion to strike the plaintiff's claim for exemplary damages is also granted.