[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, the city of Stamford, moves to strike the plaintiff's revised complaint in its entirety. The plaintiff, Katharine Roebuck, brought this action against the defendant after exiting her car on Suburban Avenue in Stamford and stepping into a depression, or pothole, which allegedly caused her to fall and sustain injuries. In count one, the plaintiff alleges the defendant is liable under, Connecticut General Statutes § 13a-149[1], commonly known as the highway defect statute. In count two, the plaintiff alleges the defendant is liable under Connecticut General Statutes § 7-465[2], the municipal indemnification statute.
The defendant moved to strike count one of the revised complaint on the CT Page 1348 ground that the plaintiff attempts to allege a cause of action under General Statutes § 13a-149, yet fails to allege that the claimed defect was the sole proximate cause of the plaintiffs claimed injuries, an essential element of such a cause of action. The defendant moved to strike count two of the revised complaint on the ground that the sole cause of action against a municipality for an alleged highway defect is General Statutes § 13a-149 and therefore, the plaintiff cannot allege a claim under General Statutes § 7-465.[3]
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39; see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
"To prove a breach of statutory duty under [General Statutes] §13a-149, the plaintiff must prove, by a fair preponderance of the evidence[:] (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.) Prato v. City of New Haven,246 Conn. 638, 642, 717 A.2d 1216 (1998). The plaintiff alleges that her fall was caused by the negligence and carelessness of the defendant as the defendant knew or should have known of the pothole, was under a duty to repair the roadway, and failed to do so.
"[General Statutes] Section 13a-149 does not permit recovery unless the defect was the sole proximate cause of the injury . . ." Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 197, 592 A.2d 912 (1991). In the present case, the plaintiff does not allege that the defendant was the sole proximate cause of her claimed injuries and therefore, the plaintiff has not alleged a legally sufficient claim under General Statutes §13a-149. See Leonard v. Town of Winchester, Superior Court, judicial CT Page 1349 district of Litchfield at Litchfield, Docket No. 079644 (August 25, 1999, Dipentima, J.) (court granted motion to strike when plaintiff "failed to allege in her complaint . . . that the alleged defect was the sole proximate cause of her injuries."); Argiriou v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 140220 (May 7, 1998, Kulawiz, J.) (court granted motion to strike holding plaintiff failed to state claim under [General Statutes] § 13a-149 when failed to allege highway defect was sole proximate cause of injuries); Sandovalv. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158477 (November 20, 1997,Lewis, J.) (court granted motion to strike because "the plaintiff fails to allege that the defect complained of was the sole proximate cause of her injury.") Accordingly, the defendant's motion to strike count one of the revised complaint is hereby granted.
Connecticut General Statutes §§ 52-557n[4] outlines the liability of a political subdivision and specifically requires that any cause of action resulting from a defective road or bridge be maintained under General Statutes § 13a-149. Case law supports the principle that General Statutes § 13a-149 is the exclusive remedy for the plaintiff's cause of action. See Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 192 (interpreting General Statutes §52-557n to provide that General Statutes § 13a-149 is plaintiff's exclusive remedy against municipality for damages resulting from injury by means of defective road or bridge); Harris v. Town of Clinton, Superior Court, judicial district of Middlesex at Middletown, Docket No. 090095 (May 4, 2000, Gordon, J.) (well settled that action under [General Statutes §] 13a-149 is plaintiff's exclusive remedy against municipality for damages resulting from injury by means of defective road or bridge). Therefore, the defendant's motion to strike count two of the plaintiff's revised complaint is hereby granted.
In conclusion, the plaintiff has failed to allege legally sufficient claims in her revised complaint. Consequently, the defendant's motion to strike the plaintiff's revised complaint in its entirety is hereby granted.
D'ANDREA, J.