## FRANCES M. LEE
### vs.
## CITY OF BRIDGEPORT, ET AL.

Superior Court          Fairfield County          File #43575
   Present:  Hon. PATRICK B. O'SULLIVAN, Judge.
Edward McPadden,              Attorney for the Plaintiff.
Shannon & Wilder,
   Harry Schwartz,              Attorneys for the Defendant.

**MEMORANDUM FILED MARCH 27, 1935.**

O'SULLIVAN, J.   This action is of the ordinary run of defective sidewalk cases.   The plaintiff was injured when she fell, during the evening of March 22nd, 1933, on a sidewalk claimed to have been dangerous for public travel.   The jury returned a verdict for the plaintiff to recover $6,080.00 damages.   The City now moves to set the verdict aside and as reasons therefor makes the following claim:

1.   The record fails to present any credible testimony as to the length of time the alleged defect had been in existence.

As no actual notice was proven, the defendant argues that there is nothing upon which the jury might reasonably have found that the City had constructive notice of the alleged defect.

The witness upon whom the plaintiff relied to establish

the continued existence of the defective condition for a time sufficiently long to charge the City with notice was a Mrs. Frances McGrath. She was not a particularly impressive witness, as witnesses go. The good lady was somewhat deaf and apparently very ill at ease on the stand. Her answers to questions addressed to notice indicated a hesitancy to fix a definite, specific time within which the defect existed.

In spite of numerous answers of "I don't remember," she did testify that the condition had been present for six months. A fair analysis of her testimony indicates that she was trying to avoid stating the exact date from which the defect had remained substantially as it was on the evening of the plaintiff's fall.

Taking it all in all, the jury could reasonably have found the lapse of ample time to charge the City with notice of the condition of the sidewalk.

2. There was no evidence that the plaintiff was injured by the alleged defective condition.

The defendant cannot be very serious in this claim as the plaintiff amply described how she fell and definitely connected her fall with that part of the sidewalk claimed to be dangerous.

3. The defendant makes the following claims of error occurring during the trial .

(a) The Court permitted evidence of the existence of apartment houses in the neighborhood of the defective sidewalk.

The defendant's position is that this was inadmissible because the presence of such buildings does not prove that their occupants ever used the sidewalk where Mrs. Lee fell.

However, an important fact for the jury to know is the location of the alleged defective sidewalk in order that they may have a complete picture before themselves when they make inquiry as to whether reasonable care has been exercised by the City. Manifestly reasonable care requires a greater degree of care where the presence of many buildings make reasonably probable the passage of travelers along the sidewalk than it does over those sidewalks in sparsely settled localities on the outskirts of the City. The challenged evidence was proper for the consideration of the jury.

(b) The defendant claims error in a remark made by the Court appearing in the following colloquy with counsel for the defendant just after the plaintiff had rested her case:

"The Court:   How much time do you contemplate you will take?

Mr. Schwartz: Very little.

The Court:   How many minutes does that mean?

Mr. Schwartz:   I think we will take a maximum of one hour to an hour and a half, possibly less than that.

The Court:   If you are going to take that much time we will recess until 1:30.   This case has got to end this afternoon as far as the Court is concerned.   I don't want to have this hang over until next week."

The case had been on trial for about a week and the remark was prompted by a desire to finish the case by Friday afternoon.   Instead of taking the customary hour at noon, the Court recessed for one-half hour which appeared proper for the hoped-for end.   There is nothing to this claim of error.

(c)   Two rulings on evidence are challenged.   Each of them is concerned with a question propounded to Robert W. Wolff, a witness called by the defense.   The question had, in each instance, to do with the knowledge of the witness as to whether any automobiles were parked near the place of the accident.   To each question the witness replied that he did not know.   I believe that the rulings were correct, although the second objection might have been sustained on the basis of repetition.   At best any possible error was harmless.

(d)   Another error is addressed to the ruling of the Court as to the admissibility of a question propounded to Dr. Greenspun.   The query was propounded to ascertain the doctor's expert opinion of the probable connection of the plaintiff's present condition with the fall she claimed to have experienced on the evening of March 22nd. Manifestly the doctor could not prove through his hearsay testimony that she had had a fall, nor was the question asked for that purpose.   It was admissable not to prove the fall, but to prove the connection between her present injuries and a fall if she did experience one.

4.   The Charge is attacked on three points:

(a)   It fails to state that upon the plaintiff is the burden of proof.

The Court expressly charged that upon the plaintiff rested the burden of proof and defined its meaning.

(b)   It erroneously permitted the jury to consider the location of the sidewalk where the accident occurred.

The law makes it the duty of the jury to consider the location of the alleged defective sidewalk as one of the circumstances in determining whether the City breached its duty.

(c) It erroneously stated the law as to what the duty of the City was.

A reading of the Charge as a whole seems a complete answer to this claim.

5. The written notice given by the plaintiff to the City was defective in that it failed to describe or refer to the defect or the injuries with sufficient precision to come within the terms of the statute.

An inspection of the note answers this assignment.

6. The Court's closing comment in its Charge was prejudicial to the defendant.

The paragraph in question could, in part, have better been left unsaid, but there is nothing in the language which, even remotely, could have harmed the defendant.

7. The damages were excessive.

The motion does not allege that the verdict was excessive, but in argument counsel mentioned it. However, even if the defendant may now bring the matter up, the damages, while large, were not out of line with what the jury could reasonably award, if they accepted those facts most favorable to the plaintiff.

Accordingly, the motion to set aside the verdict is denied.