MARIA MAUSCH *v.* CITY OF HARTFORD

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued May 6—decision released June 16, 1981

*George F. Murray,* for the appellant (defendant).

*Richard C. Tynan,* with whom, on the brief, was *John W. Lemega,* for the appellee (plaintiff).

PARSKEY, J. The only issue in this case is whether the evidence presented at trial was sufficient to support the jury's conclusion that the defendant failed to exercise reasonable care in removing snow and ice from a highway. In denying the defendant's motion to set aside the $80,000 plaintiff's verdict, the trial court ruled that the evidence was sufficient. The defendant now challenges that ruling on appeal.

From the evidence presented at trial, the jury could reasonably have found the following facts: The plaintiff fell on ice and snow as she was crossing Lawrence Street at its intersection with Ward Street in Hartford at 8:45 p.m. on February 21, 1972. The snow and ice had accumulated on the street as a result of a snow storm which began at approximately 1 a.m. on February 19, 1972, and continued until the early morning hours of February 20, 1972. The defendant's plowing operation ended sometime between 10 p.m. and midnight on February 19, 1972.

Officer Guido Donofrio of the Hartford police department witnessed the fall. He determined that the plaintiff was in a crosswalk at the time of the fall and that three inches of packed snow and ice

were present at the spot where the plaintiff fell. The area of the fall was unsanded and there was an unbroken sheet of ice all across the crosswalk. The existence of a crosswalk covered with three inches of snow and ice and unsanded nearly two days after plowing operations had ceased indicated that one or more of the defendant's employees had not properly performed his job.

In reviewing the legal sufficiency of these facts, we keep in mind several well-settled principles of law. A municipality is not charged with the responsibility of keeping its streets and sidewalks in an absolutely safe condition. Its responsibility is limited to using reasonable care to keep them in a reasonably safe condition for travel. *Chazen* v. *New Britain,* 148 Conn. 349, 353, 170 A.2d 891 (1961); *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 A. 434 (1938). In discharging this responsibility it is required to exercise reasonable supervision over its streets and is chargeable with notice of what such supervision would disclose. Whether the municipality is chargeable with notice of a particular defect depends not on whether a reasonable inspection of a particular street would have disclosed it but rather whether the defect would have been disclosed by a reasonable inspection of the streets as a whole. *Tirendi* v. *Waterbury,* 128 Conn. 464, 468, 23 A.2d 919 (1942); *Meallady* v. *New London,* 116 Conn. 205, 209, 164 A. 391 (1933); *Ritter* v. *Shelton,* 105 Conn. 447, 450–51, 135 A. 535 (1927). Furthermore, the municipality is not required to exercise the same degree of care over its crosswalks as over a sidewalk. *Meallady* v. *New London,* supra. In applying the standard to any given case, the character of the defect and the length of time it has existed become important. The question of fact to be determined by

the trier is whether the particular defect has existed long enough and is so conspicuous that it would attract the attention of the municipality in the exercise of a reasonable supervision of its streets. *Crotty* v. *Danbury,* 79 Conn. 379, 386, 65 A. 147 (1906).

The defect in this case was an icy crosswalk. It was not an isolated icy patch; the ice extended over the entire crosswalk. It was three inches in depth and contained neither salt nor sand. It remained in this condition for almost two days after the storm. These facts were sufficient in themselves to permit the jury to conclude that the defendant, in the exercise of reasonable supervision of its streets, should have discovered the hazard in sufficient time to remedy the defect. The defendant, in failing to remedy the defect after having such notice of it, failed to exercise reasonable care to make the crosswalk reasonably safe for travel. In addition, there was evidence that had the appropriate officials been doing their jobs the hazard would have been discovered.

Taking into account all the factual circumstances and the weighty factor that the trial court, which saw and heard the parties, refused to disturb the verdict; *Murphy* v. *Soracco,* 174 Conn. 165, 169, 383 A.2d 1350 (1978); we cannot say that the trial court's refusal to set aside the verdict was erroneous.

There is no error.

In this opinion the other judges concurred.