[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, hereinafter ("Petaway"), brings this action seeking money damages from the City of New Haven, hereinafter ("City") for injuries he sustained on July 15, 1991 at about 5:20 P.M. while walking on a sidewalk at the intersection of Prince Street with Gold Street in the City of New Haven pursuant to Connecticut General Statutes § 13a-146. CT Page 5163-CCC
Petaway asserts that the City breached its statutory duty to maintain its streets in a reasonably safe condition for public travel in one or more of the following ways:
 (a) In that they knew, or in the exercise of reasonable care and diligence should have known, or said dangerous, defective, unsafe, and hazardous condition, yet failed to remedy said condition;
 (b) In that they failed to inspect said street and storm sewer;
 (c) In that they failed to erect suitable safeguards to protect the plaintiff in his use of said street;
 (d) In that they failed to warn the plaintiff of said dangerous, defective, unsafe, and hazardous condition;
 (e) In that they permitted said street and storm sewer to remain in said condition; and/or
 (f) In that they failed to place said street and storm sewer in a safe condition for pedestrians.
The plaintiff argues while he was walking down Gold Street and intended to cross Prince Street in an easterly direction, he stepped off the curb and fell into an open storm sewer. The storm sewer's grate was not covering the hole and no evidence was offered by the parties as to why it was missing. Petaway fell into the open storm sewer striking his body up to his chin and sustained severe painful injuries for which he expended $2260.
The plaintiff was walking at the time with a witness, Mr. Judge Crockett, who testified that he saw some sticks of various lengths, an empty large soda bottle (40 oz.) and other debris in the hole after Petaway had been removed. No other evidence was offered to establish notice to the City as to the duration of time that the storm sewer was without a cover. Also a grate later covering the storm sewer had an opening sufficiently to the rear to allow that type of debris to fall down into a storm sewer. Crockett said when he went back after the storm sewer was covered three days later he saw the same debris. CT Page 5163-DDD
Roadways within a municipality cover a considerable area, therefore, the defendant does not bear a duty to remedy or safeguard every minor defect on the surface of every single roadway. Consequently, before the defendant can be held liable for injuries due to any particular defect on a roadway, it must have had notice of its existence sufficiently long enough before the accident so that in the exercise of reasonable care it had an opportunity to remedy or safeguard it. Rogers v. Meriden,109 Conn. 324 (1929). Actual or constructive knowledge requires knowledge of the actual existence of the very defect which occasioned the injury and not merely the condition which was likely to produce it. Jainchill v. Schwartz, 116 Conn. 522, 525
(1933).
In order for the City to be liable the plaintiff must show that the City had actual notice or constructive notice of the defect.
The controlling question regarding constructive notice is whether the notice provided the City of New Haven was of such duration and nature that a reasonable inspection would have disclosed it. Cruz v. Drezek, 175 Conn. 230 (1978). Further, it is the plaintiff's burden of proof to show that the defect existed for a sufficient length of time for the City to have in the exercise of reasonable care, discovered it in time to have it remedied. Mack v. Perzanowski, 172 Conn. 310 (1977).
The plaintiff claims that the defendant City of New Haven, had it exercised a reasonable inspection-supervision over its streets, would have discovered this hazardous condition causing Mr. Petaway's fall. Mausch v. Hartford, 184 Conn. 467, 469
(1981). No evidence was presented by the defendant regarding the scope of its street maintenance or inspection, nor any procedures or expenditures by it to avoid harm to travelers on the municipal streets. See Connecticut Jury Instructions, 4th Ed., Vol. II, Wright Ankermann, Section 365d.
The burden of proof in a case of this nature requires the plaintiff to bring in witnesses to establish their failure to supervise the inspection of streets and what steps the City had in place. This Court cannot draw any inference favorable to the plaintiff as to constructive notice of the defect without evidence to demonstrate that the City breached its statutory duty to maintain the street in this case. The cover to the storm sewer could have been removed by theft or for repairs within hours, CT Page 5163-EEE days or months. The Court cannot speculate as to the duration of time that the defect existed. Accordingly the Court finds that the plaintiff has failed to meet his burden of proof as to notice either actual or constructive. The Court cannot speculate as to the condition of the debris found in the open storm sewer.
The Court need not address the issue raised as to the requirement that the defect is the only proximate cause of the injury.
Judgment may enter in favor of the defendant.
Frank S. Meadow State Trial Referee