[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 11, 1997
The plaintiff seeks to collect for personal injuries she incurred on June 11, 1994 in a fall on a city sidewalk. The city argues that no evidence of notice to the city was produced by the plaintiff and that she was guilty of contributory negligence in that she saw the grass growing between the slabs of concrete and did not adjust her pace accordingly.
 I
The plaintiff argues that the defendant had constructive notice of the defect and produced at trial several photographs of the area in question. These photos depict an uneven sketch of sidewalk with severe cracks and large gaps between the uneven slabs where one slab once met the next one. A heavy growth of grass is visible in an area between the slabs. A close examination of the photos reveals substantial chipping and disintegration of the concrete over what has to have been a CT Page 3671 substantial length of time. In fact, it is the court's opinion that such a total loss of the concrete surface with replacement by grass to such an extent would have to have occurred over several years. The defendant should have become aware of this condition long before June 11, 1994 through a reasonable inspection of the area's sidewalks.
Our Supreme Court has upheld judgments where the defect existed for only a matter of days. In Leverone v. City of NewLondon, 118 Conn. 463 (1934), the defect had existed for approximately three days. In Mausch v. City of Hartford,184 Conn. 467 (1981), the defect existed for "almost two days."
The trial photos depict a worn sidewalk in an advanced state of disrepair. The unevenness is easily discerned. The plaintiff cites Cagianello v. City of Hartford, 135 Conn. 473 (1949), where a raised slab was found to be a defect. As in this case, the court noted grass growing in the spaces between the slabs "in such a way as to indicate that there had been no recent change in their relative positions." The court went on to note the defect was not of recent origin but was at least two weeks old. This was found to be sufficient to charge the city with notice.
Further, this area of the city is heavily populated and extensively travelled. The city has an obligation to expend more care in a busy area than in a less busy neighborhood in the outskirts. Frances M. Lee v. City of Bridgeport et al.,1 Conn. Sup. 119, 120 (1935).
 II
The court concludes that the defendant had constructive notice of this substantial defect and had ample opportunity to correct that defect, that it had a duty to correct that defect and did not. And, the plaintiff's fall and resultant injuries were the result of the defective condition.
 III
The plaintiff sustained a fractured right wrist, contusions, soft tissue injuries, and an injury to her right shoulder. On her fall, she struck her head and sustained a bruise on a wide area over her right eye. Her medical and hospital bills totalled $3,814.11. The plaintiff's complete and relatively inexpensive recovery would appear to be due in a large part to her diligent CT Page 3672 home exercise program and adherence to the instructions of her medical and therapy providers.
The court finds no evidence of contributory negligence on the part of the plaintiff.
It is the conclusion of the court that the plaintiff should recover of the defendant the sum of $17,000, said sum representing fair and reasonable damages for the plaintiff's expenses, injuries, pain and suffering and period of rehabilitations.
DeMAYO, J.T.R.