[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises from injuries that the plaintiff, Magdi Hatata, allegedly suffered when he slipped and fell on a public street. Hatata commenced this action by writ, summons and complaint dated January 3, 2000, against the defendant, the city of West Haven (the city), pursuant to General Statutes § 13a-149, Connecticut's defective highway statute.
In his amended complaint, dated August 22, 2000,[1] Hatata alleges that on or about January 10, 1999, at approximately 6 a.m., he was crossing the street at the intersection of Meloy and Ridge Roads located in West Haven, when he slipped and fell on an uncleared patch of ice located in the crosswalk at the intersection. Hatata alleges that the sole proximate cause of his injuries was the city's failure to remedy the icy patch of road, a defect which it had notice of or should have had notice of, on a street that it had a duty to inspect and maintain. In its CT Page 3685 answer, the city denies Hatata's allegations and leaves the plaintiff to his proof. The city does admit, however, pursuant to a request to admit, that it is responsible for the maintenance and repair of its streets and that it received timely notice of Hatata's claim pursuant to § 13a-149.
Based on the testimony and evidence offered at trial, the court finds the following facts. On January 8, 1999, approximately three inches of snow fell across the West Haven area. On January 9, the temperature rose to about the 50 degree mark. There was also some light rain during the day. In the late night hours of January 9, and early morning hours of January 10, the temperature fell to a level at or near freezing. On January 10, at approximately 6 a.m., Hatata, who lived on Orange Avenue, left his place of employment on Saw Mill Road in West Haven and walked up Meloy Road, which connects Orange Avenue and Saw Mill Road. While crossing the intersection of Meloy and Ridge Roads, in what Hatata claims was an "unmarked crosswalk," Hatata slipped and fell on a patch of ice and sustained injury. Hatata was taken to the emergency room by ambulance. The ambulance report states, however, that Hatata suffered leg pain after twisting his ankle on the curb of the sidewalk. Hatata's injuries required medical treatment. Hatata claims that his injuries also forced him to endure pain and suffering as well as lost wages. Section13a-149 provides in pertinent part that: "Any person injured in person or property by means of a defective road . . . may recover damages from the party bound to keep it in repair." "Historically . . . municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control." Prato v. New Haven, 246 Conn. 638, 646, 717 A.2d 1216 (1998). The highway defect statute, § 13a-149, is a legislative exception to the immunity that municipalities enjoyed at common law and, as such, it must be strictly construed. Id., 647.
To prevail on a claim for breach of a statutory duty under § 13a-149, "the plaintiff must prove, by a fair preponderance of the evidence . . . [each and every one of the following:] (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.) Id., 642.
The court finds that, based on the preponderance of the credible and admissible evidence and all reasonable inferences to be drawn therefrom, Hatata has not established a claim under § 13a-149. Hatata produced CT Page 3686 no evidence that the city had actual notice of the defect. There was no testimony or other evidence that showed that the city had been notified of the icy patch of road before Hatata's fall. Similarly, Hatata failed to establish that the city had constructive notice of the defect. A municipality is deemed to have constructive notice of a defect if it has failed to discover that defect after an unreasonable length of time has elapsed. Id., 644. It is settled law that the notice required by §13a-149 is notice of the particular defect causing the injury and not merely notice of conditions that may be likely to produce such a defect.Pajor v. Wallingford, 47 Conn. App. 365, 371, 704 A.2d 247 (1997), cert. denied, 244 Conn. 917, 714 A.2d 7 (1998). "Thus, the predictability of a future defect does not provide the requisite notice to establish municipal liability under § 13a-149." Prato v. New Haven, supra,246 Conn. 644.
While, from the testimony adduced at trial, the court could reasonably infer that the city had notice that conditions were ripe for ice to form on walkways or roads because of the change in temperature, which might cause melting and refreezing, it is "insufficient under the statute [however] for the town to have notice only of conditions naturally productive of the defect, such as snowbanks that melted during the day and caused water to flow across the . . . [street] that would freeze when the temperature dropped." Pajor v. Wallingford, supra, 47 Conn. App. 376. Sufficient notice under § 13a-149 is notice of the particular defect occasioning the injury, on the day of the accident. Prato v. New Haven, supra, 246 Conn. 642-43. In this case, the requisite notice would be notice of the ice patch located in the roadway at the intersection of Meloy and Ridge Roads at 6 o'clock in the morning on January 10. Hatata offered no evidence to show that the city had notice of that particular ice patch on that particular morning.
Even if the court could find that Hatata proved that the city had constructive notice of the defect, he still has not established that the city failed to remedy the defect within a reasonable period of time after its discovery, taking into consideration all of the circumstances as they existed on January 10. "A municipality is not charged with the responsibility of keeping its streets and sidewalks in an absolutely safe condition." Mausch v. Hartford, 184 Conn. 467, 469, 440 A.2d 157 (1981). While it does have a duty to inspect its streets and discover defects, "[i]t is not the duty of a municipality to keep its highways reasonably safe for public travel under all circumstances, nor to use all possible means to bring that result about; rather its duty is to make such efforts and employ such measures to that end as, in view of all the existing circumstances and conditions, are in themselves reasonable." (Internal quotation marks omitted.) Cohen v. Hamden, 27 Conn. App. 487, 494,607 A.2d 452 (1992). Further, the conspicuousness of the defect, as well CT Page 3687 as the number of streets and walkways within its boundaries, must be taken into consideration in determining reasonableness because "notice of a particular defect depends not on whether a reasonable inspection of a particular street would have disclosed it but rather whether the defect would have been disclosed by a reasonable inspection of the streets as a whole." Mausch v. Hartford, supra, 184 Conn. 469. This is not a case where, like in Mausch v. Hartford, supra, the entirety of the crosswalk was covered by an unbroken sheet of ice that was blanketed by three inches of snow, which remained unsanded and unplowed for two days after plowing operations had ceased, indicating that the municipality had not performed its job properly. Id. Hatata produced no evidence from which the court could infer that the defect persisted on the roadway for any length of time or that the defect was so conspicuous that, in the exercise of supervision over its highways as a whole, the defect should have been discovered and remedied. The court finds that, under the facts of this case, it would be unreasonable to make such an inference. In light of the early morning hour in which the fall occurred, the inability to calculate the length of time that the defect allegedly existed and was thereby discoverable and, if conditions were perfect for icy patches to form as Hatata claims, the extent of the problem facing the city with its miles of streets and walkways, the court determines that the circumstances do not warrant a finding that the city had sufficient time, by 6 a.m., in which to remedy the defect.
The court concludes that, because Hatata did not establish, by a preponderance of the evidence, that the city had notice of the defect and that, despite that notice, it failed to remedy the defect within a reasonable length of time under all of the circumstances, he has not proved his claim that the city breached its statutory duty under §13a-149. Accordingly, judgment may enter for the defendant.
So ordered.
Philip E. Mancini, Jr. Judge Trial Referee.