[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (#142)
The third-party defendant, Charles Haydon (Haydon), asks this court to dismiss the action of the third-party plaintiff Bernard Pitkoff (Pitkoff), for the reason that this court lacks longarm jurisdiction over him pursuant to General Statutes § 52-59b. For the following reasons the third-party defendant's motion is granted.
By complaint dated March 28, 2000, the plaintiff, Esther Steiman, brought suit against Pitkoff and Haydon and their respective employers alleging that Pitkoff, as her accountant, and Haydon, as her attorney, engaged in professional negligence and professional misconduct while representing her in a tax assessment appeal. Both Pitkoff and Haydon live and operate their businesses within the state of New York. The plaintiff is a Connecticut resident.
The record provides that on May 24, 2000, Pitkoff moved to dismiss the action against him and his two employers for lack of personal jurisdiction, which was denied. Steiman v. Pitkoff, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 00 0373683 (November 8, 2000, Skolnick, J.). Haydon similarly moved to dismiss the action against him and his employer for lack of jurisdiction. However, the motion was not ruled on by the court because on June 5, 2000, the plaintiff withdrew her claim against Haydon and his firm. Haydon thereafter was made a third-party when Pitkoff filed a separate third-party action against him, alleging negligent representation. Haydon now moves to dismiss the third-party plaintiff's complaint against him on the basis that this court lacks jurisdiction.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person . . ." Practice Book § 10-31(a). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court . . . A motion to dismiss tests, inter alia, whether, on the face of the record, CT Page 2464 the court is without jurisdiction." (Internal quotation marks omitted.)Blumenthal v. Barnes, 261 Conn. 434, 442, 804 A.2d 152 (2002). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . Where, however, . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346-47,766 A.2d 400 (2001).
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two-part inquiry is required. The trial court must first decide whether the applicable state longarm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., 236 Conn. 602, 606,674 A.2d 426 (1996). "If a challenge to the court's personal jurisdiction is raised by a defendant . . . the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607.
The applicable longarm statute here is General Statutes § 52-59b. Section 52-59b (a) provides in relevant part: "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state . . .; (3) commits a tortious act outside the state causing injury to person or property within the state . . . if such person . . . (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; [or] (4) owns, uses or possesses any real property situated within the state . . ."
Here, Pitkoff, as the third-party plaintiff, bears the burden of proving that § 52-59b and constitutional principles of due process, give this court longarm jurisdiction over Haydon. Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 607. Pitkoff claims by affidavit that he hired Haydon to represent the plaintiff and others before the Second Circuit Court of Appeals, and that Haydon requested payment for services that were done on the plaintiff's behalf. (Third-party Plaintiff's Memorandum, Exhibit C, Affidavit of Bernard J. Pitkoff, CT Page 2465 January 29, 2003.) Pitkoff argues that the services that Haydon performed created an agency relationship, which ought to subject him to Connecticut's longarm jurisdiction. Haydon counters that he lacks sufficient contacts with the state of Connecticut to satisfy the state's longarm jurisdiction.[1]
In this case, there are no allegations nor is there any evidence that Haydon transacted any business within the state; or that he committed a tort within the state; or that he regularly solicits business or engages in any other persistent course of conduct, or derives substantial revenue from services rendered in the state; or derives substantial revenue from interstate or international commerce; or owns or uses or possesses any real property situated within the state. See General Statues § 52-59b
(a); See also 23 ALR4th 1044, 1048-53 (1983). Rather, the facts in this case involve a New York accountant who allegedly hired a New York attorney to represent clients in a matter litigated in New York. The plaintiff, in fact, states by affidavit that she never retained Haydon or any member of his firm to represent her, nor spoke with or remitted or received payment from him or any member of his firm. (Third-party Defendant's Supplemental Memorandum, Exhibit A, Affidavit of Esther Steiman, December 17, 2002.) The only alleged connection between Haydon and the state of Connecticut is that he represented the plaintiff, as Pitkoff's agent, in a matter taking place in New York. In determining whether this alleged contact constitutes transacting business within the state, the court does not apply a rigid formula, but instead balances considerations of public policy, common sense, and the chronology and geography of the relevant factors. Gaudio v. Gaudio, 23 Conn. App. 287,298, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990), citing Zartolas v. Nisenfeld, 184 Conn. 471, 477, 440 A.2d 157 (1981). Here, there are no public policy or common sense reasons, nor are there other relevant factors that suggest this court ought to have personal jurisdiction over Haydon. In fact, in an analogous case, where even more contacts were alleged between an attorney and the state of Connecticut, the court held there were insufficient contacts to support longarm jurisdiction. Rosenblit v. Danaher, 206 Conn. 125, 135, 537 A.2d 145
(1988). In Rosenblit, Connecticut residents had retained a Massachusetts attorney, who resided and practice law in Massachusetts, to file an action in Massachusetts. The Court held that even though there was evidence that the attorney had participated in a meeting in Connecticut, personal jurisdiction did not exist. Id., 141-42.
The statutory requirements for longarm jurisdiction under § 52-59b
have not been met. The court cannot, therefore, exercise longarm jurisdiction over the third-party defendant, Charles Haydon.[2]
Accordingly, the third-party defendant's motion to dismiss is hereby CT Page 2466 granted.
RUSH, J.